**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AARON LOVETT** | * |
| 3801 Connecticut Ave. NW, #500 | |
| Washington, DC 20008 | * |
| | |
| *Plaintiff,* | * |
| | |
| **v.** | * |
| | |
| **UNITED STATES OF AMERICA** | * |
|     **SERVE**: Matthew M. Graves | |
|         United States Attorney | * |
|         United States Attorney's Office | |
|         For the District of Columbia | * |
|         601 D Street NW | |
|         Washington, DC 20530 | * |
| | |
| **&** | * |
| | |
| **UNITED STATES SECRET SERVICE** | * |
| Department of Homeland Security | |
| 245 Murray Lane SW | * |
| Washington, DC 20373 | |
|     **SERVE:** Office of the General Counsel | * |
|         245 Murray Lane, SW | |
|         Mailstop 0485 | * |
|         Washington, DC 20528-0485 | |
| | * |
| **&** | |
| | * |
| **DISTRICT OF COLUMBIA** | |
|     **SERVE:** Muriel Bowser | * |
|         Mayor of the District of Columbia | |
|         1350 Pennsylvania Ave. NW #406 | * |
|         Washington, DC 20004 | |
| | * |
| **&** | |
| | * |
| **DISTRICT OF COLUMBIA** | |
| **METROPOLITAN POLICE DEPARTMENT** | * |
| 300 Indiana Ave. NW | |
| Washington, DC 20001 | * |
|     **SERVE**: Pamela A. Smith | |
|         Chief of Police | * |

Case No.: _____

                  300 Indiana Ave. NW         \*
                  Washington, DC 20001
                                       \*

**&**
                                       \*

**KIOUNTE LINEBERGER**        \*
United States Secret Service
Department of Homeland Security
        **SERVE:** Office of the General Counsel  \*
              245 Murray Lane, SW
              Mailstop 0485           \*
              Washington, DC 20528-0485
                                       \*

**&**
                                       \*

**MICHAEL MIMP**               \*
United States Secret Service
Department of Homeland Security
        **SERVE:** Office of the General Counsel  \*
              245 Murray Lane, SW
              Mailstop 0485           \*
              Washington, DC 20528-0485
                                       \*

**&**
                                       \*

**JOHN DOE SECRET SERVICE OFFICERS**  \*
United States Secret Service
Department of Homeland Security
        **SERVE:** Office of the General Counsel  \*
              245 Murray Lane, SW
              Mailstop 0485           \*
              Washington, DC 20528-0485
                                       \*

**&**
                                       \*

**JOHN DOE POLICE OFFICERS**
District of Columbia Metropolitan Police  \*
Department
        **SERVE:** Pamela A. Smith      \*
              Chief of Police
              300 Indiana Ave. NW      \*
              Washington, DC 20001
                                       \*

                        *Defendants.*
                                       \*

        **COPIES BY CERTIFIED MAIL:**

**Civil Process Clerk**                               *
U.S. Attorney's Office for D.C.
601 D Street, NW                                      *
Washington, DC 20530
                                                      *
**Office of the Attorney General**
C/O the Honorable Brian Schwalb                       *
Attorney General of the District
Of Columbia                                           *
400 6th St NW
Washington, DC 20001                                  *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

COMES NOW Plaintiff Aaron Lovett ("Plaintiff"), by and through undersigned counsel, and brings this Complaint against Defendant United States of America ("Defendant USA"), Defendant United States Secret Service ("Defendant USSS"), Defendant District of Columbia ("Defendant DC"), Defendant District of Columbia Metropolitan Police Department ("Defendant MPD"), Defendant Kiounte Lineberger ("Defendant Lineberger"), Defendant Michael Mimp ("Defendant Mimp"), Defendants John Doe Secret Service Officers ("Defendants JDSSOs"), Defendants John Doe Police Officers ("Defendants JDPOs"),  collectively "Defendants." In support thereof, Plaintiff alleges the following:

## NATURE OF THE CASE

1.      Plaintiff sues Defendants seeking damages and other relief for deprivation of Constitutional rights and personal injuries sustained on December 19, 2022, at around 2:00 am, when Plaintiff was wrongfully detained, tased, arrested and jailed by USSS and MPD Officers.

## PARTIES

2.      Plaintiff is a natural person, a citizen of the United States, and was, at all times relevant herein, a resident of the District of Columbia.

3

3.      Defendant USA is sued for Plaintiff's injuries caused by its employees' violation of Plaintiff's rights under 42 U.S.C. Sec. 1983. These employees were acting within the scope of their employment under circumstances where the United States, if a private person, would be liable to Plaintiff.

4.      Defendant USSS is sued for Plaintiff's injuries caused by its employees' violation of Plaintiff's rights under 42 U.S.C. Sec. 1983. These employees were acting within the scope of their employment under circumstances where the United States Secret Service, if a private person, would be liable to Plaintiff.

5.      Defendant DC is sued for Plaintiff's injuries caused by its employees' violation of Plaintiff's rights under 42 U.S.C. Sec. 1983. These employees were acting within the scope of their employment under circumstances where the District of Columbia, if a private person, would be liable to Plaintiff.

6.      Defendant MPD is sued for Plaintiff's injuries caused by its employees' violation of Plaintiff's rights under 42 U.S.C. Sec. 1983. These employees were acting within the scope of their employment under circumstances where the District of Columbia Metropolitan Police Department, if a private person, would be liable to Plaintiff.

7.      Defendant Lineberger is a natural person, a citizen of the United States, and was, at all times relevant herein, violating 42 U.S.C. Sec. 1983 and causing tortious injury in the District of Columbia.

8.      Defendant Mimp is a natural person, a citizen of the United States, and was, at all times relevant herein, violating 42 U.S.C. Sec. 1983 and causing tortious injury in the District of Columbia

9.     Upon information and belief, all JDSSOs are and were at the time of the events employed by the United States as United States Secret Service Officers.

10.     Upon information and belief, all JDPOs are and were at the time of events employed by the District of Columbia as Police Officers.

11.     All JDPOs and JDSSOs, though as yet unidentified, took part in the misconduct proximately breaching duties of care owed to Aaron Lovett and/or depriving him of his civil rights under the Fourth and Fourteenth Amendments to the Constitution. Upon information and belief, at all relevant times herein the John/Jane Doe Defendants were acting within the scope of their employment and/or agency with USSS, DC, or MPD, and are sued in their individual capacity under 42 U.S.C. § 1983 and for their gross negligence and/or willful and wanton misconduct under District of Columbia law.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because this litigation involves Federal law, specifically claims made under 42 U.S.C. § 1983.

13.     This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367, as they form part of the same case or controversy stemming from the allegations that form the basis of the Federal claims in this action.

14.     Venue in this District is proper pursuant to 28 U.S.C. § 1391, as all the relevant facts and tortious actions giving rise to this claim and damages sustained by Plaintiff occurred in this District.

## FACTUAL ALLEGATIONS

15.     On December 19, 2022, at around 2:00 am, Plaintiff was in his truck, returning home to his apartment at 3801 Connecticut Ave. NW, Washington, DC 20008, where his children were asleep inside.

16.     He parked on the side of his building, at the top of the building's driveway, a spot he often parked in when he returned home from work late at night.

17.     Plaintiff was getting out of his parked truck when, upon information and belief, at least one officer wearing a United States Secret Service uniform approached him and stated it was a "traffic stop" and he needed to provide his license, registration, and insurance.

18.     Plaintiff asked the officers for the reason for the stop, and they stated that he did not have any plates on his vehicle.

19.     Plaintiff did have a plate on his parked vehicle, stated that there was a plate on the parked vehicle, and then pointed to it.

20.     The officers continued to detain Plaintiff while they walked around the parked vehicle and then ran a check of the plate through the Secret Service Foreign Missions Branch Control Center, which returned it as a stolen vehicle. The officers called for additional officers.

21.     Plaintiff tried to explain to the officers that he was the one who had reported the truck stolen a couple of weeks earlier, that it had been recovered, that his girlfriend owned it, but it was his truck, and that he could show them the Power of Attorney document in the truck's glove compartment that gave him the authority to use it.

22.     The officers did not listen to Plaintiff's explanation, continued to detain Plaintiff, surrounded Plaintiff, and began shouting orders and threatening Plaintiff.

23.     It was at this point that Plaintiff's family friend, Nikki Hendricks, arrived at the scene, noted at least three police cruisers with lights, and started filming the incident.

24.     Ms. Hendricks found Plaintiff up against a wall, surrounded by three officers with flashlights shining in his face.

25.     Ms. Hendricks asked the officers surrounding Plaintiff several times whether Plaintiff was being detained or resisting arrest.

26.     Plaintiff continued to ask what he was being detained for, at least five times, when another officer approached.

27.     None of the four officers replied to Plaintiff's questions about why he was being detained, and they continued to push Plaintiff.

28.     The officers surrounding Plaintiff instructed him to turn around and put his hands over his head.

29.     Plaintiff was turned around, facing the building wall, with his hands above his head, complying with the officers instructions.

30.     It was at this point that an officer, without warning, shot Plaintiff with a taser gun, and shoved him up against his building's brick wall.

31.     Plaintiff cried out and fell over in pain, hitting the cement alleyway hard.

32.     His neck and back immediately started spasming and he was momentarily rendered speechless from the severe pain.

33.     As Defendant lay helpless on the cement in the alleyway, writhing from the severe pain of the taser and the fall, the officers tased him again.

34.     Plaintiff continued to scream in pain, writhing around on the cement as four officers climbed onto his back and body.

35.     Plaintiff again started pleading with the officers, asking them to tell him why he was being detained.

36.     The officers did not answer.

37.     The officers, at this time, upon information and belief, including officers from the MPD, placed Plaintiff under arrest.

38.     An ambulance was called for Plaintiff.

39.     When Plaintiff was in the ambulance, still outside his apartment building, getting care from EMTs, including a Mr. Payton, an MPD Sergeant boarded the ambulance.

40.     Plaintiff asked the Sergeant several times why he was being detained and the Sergeant could not answer.

41.     The Sergeant indicated he would go talk to the other officers to try to find out why Plaintiff was being detained.

42.     Time passed and upon his return to the ambulance, the Sergeant told Plaintiff he was being detained for unauthorized use of a vehicle.

43.     Plaintiff was taken to the hospital due to his severe injuries, and then to jail.

44.     Plaintiff was kept in a jail cell for several hours without explanation.

45.     An MPD officer went to process Plaintiff's admittance, informed Plaintiff that he did not know what happened, that there was no reason he should be in jail, and that he was free to go.

46.     Ultimately, all charges against Plaintiff were dropped prior to any hearing.

47.     At all relevant times, Defendants were uniformed United States Secret Service and District of Columbia Metropolitan Police Officers using the power they possessed by virtue of federal and state law.

48.     The misconduct described in this Complaint was undertaken by Defendants within the scope of their employment and under color of law.

49.     Defendants' conduct in fact deprived Plaintiff of his rights secured by the Constitution.

50.     Defendants' conduct caused deprivation of Plaintiff's Federal Constitutional rights.

51.     Defendants' conduct was intentional and/or grossly negligent and/or amounted to reckless or callous indifference to the Constitutional rights of Plaintiff.

52.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated, including, but not limited to, serious and permanent bodily and emotional injuries.

53.     As a direct and proximate result of Defendants' actions, inactions, and deliberate indifference, Plaintiff sustained and continues to sustain injuries to his rights under the United States Constitution.

54.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff suffered and continues to suffer physical harm, mental harm, emotional harm, pain, and anguish.

55.     As a further direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff incurred and will continue to incur medical and other expenses.

56.     As a further direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff suffered lost wages.

57.     As a further direct and proximate cause of Defendants' action, inaction, and deliberate indifference, Plaintiff had and continues to have difficulty performing various activities.

58.     All such injuries were caused solely by Defendants, without any action of the Plaintiff contributing whatsoever.

59.     On January 13, 2023, Plaintiff duly submitted a DC Code § 12-309 claim form and on the same day LaShonda Wright of the Tort Liability Division at the Office of Risk Management for the Government of the District of Columbia acknowledged receipt.

60.     On February 28, 2023, Plaintiff received a letter from LaShonda Wright of the Tort Liability Division at the Office of Risk Management for the Government of the District of Columbia stating that the Office of Risk Management determined that the matter presented was not a District of Columbia tort issue but rather a Federal Government matter.

61.     The DC Office of Risk Management closed the claim.

62.     On February 9, 2023, Plaintiff duly submitted his Federal Tort Claims Act notice to the United States Department of Homeland Security, the department under which the United States Secret Service falls, and on the same day, the Department of Homeland Security acknowledged receipt.

63.     On May 23, 2023, Plaintiff received a letter from Ronald L. Rowe, Jr., Deputy Director at the Department of Homeland Security, United States Secret Service, informing him that the Secret Service denied his claim.

64.     Plaintiff exhausted all available administrative remedies to cure the infractions imposed by Defendants.

### <u>COUNT I</u>
**42 U.S.C. § 1983 Deprivation of Fourteenth Amendment Rights**
**Life, Liberty, Personal Security**

65.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

66.     This Count arises under 42 U.S.C. §1983 and the Fourteenth Amendment to the U.S. Constitution and is alleged against all Defendants, jointly and severally.

67.     Mr. Lovett, a citizen of the United States and resident of the District of Columbia, enjoyed the protections of the Fourteenth Amendment to the U.S. Constitution prohibiting, *inter alia*, deprivation of his rights to life and liberty without due process.

68.     Defendants' outrageous and unconscionable conduct in tasering Mr. Lovett when he posed no reasonable threat to the safety of the law enforcement officers, the other people present on the scene, or himself, deprived Mr. Lovett of his clearly-established rights to life, liberty, and to be free of unreasonable state intrusions into bodily security and unreasonable threats to physical safety under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

69.     Defendants' actions were shocking to the conscience, in deliberate indifference to, and in willful and callous disregard of, Mr. Lovett's constitutional and/or federally protected rights to life, bodily security and safety.

70.     As a direct and proximate result of the foregoing misconduct, Mr. Lovett suffered extreme and horrific pain and mental anguish.

71.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

72.     As a direct and proximate result of Defendants' deprivation of Plaintiff's Fourteenth Amendment Rights, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

73.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## <u>COUNT II</u>
**42 U.S.C. § 1983 Deprivation of Fourth Amendment Rights**
**Unreasonable Seizures**

74.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

75.     This Count arises under 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution and is alleged against all Defendants for their actions and conduct in the deprivation of Mr. Lovett's right not to be subjected to unreasonable seizures.

76.     Defendants violated Mr. Lovett's rights by unreasonably tasing and seizing him, which resulted in Mr. Lovett's injuries.

77.     Defendants' actions violated the clearly established constitutional rights guaranteed to Mr. Lovett by the Fourth Amendment of the United States Constitution.

78.     Defendants' actions were not taken in good-faith and were in violation of clearly established law.

79.     Defendants' unreasonable and unlawful seizure of Mr. Lovett was unnecessary and unjustified.

80.     As a direct and proximate result of Defendants' unreasonable seizure, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

81.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT III
**42 U.S.C. § 1983: Deprivation of Fourth Amendment Rights**
**Excessive Force**

82.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

83.     This Count arises under 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution and is alleged against all Defendants, jointly and severally.

84.     Defendants used excessive force under the circumstances when they yelled, confined, shoved, intimidated, jostled, and tased Plaintiff repeatedly for a "traffic stop," and continued to do so even when he was incapacitated on the cement alleyway outside his residence.

85.     Defendants used excessive force when they tased Plaintiff as he was not a threat to the safety of Defendants or others.

86.     Defendants used excessive force when they tased Plaintiff as he was not actively resisting arrest.

87.     The amount of force Defendants used for an alleged "traffic stop" was greater than the amount a reasonable officer would have used in conducting the stop under similar circumstances.

88.     The amount of force Defendants applied was of such an extent as to lead to Plaintiff's unnecessary injury.

89.     Defendants acted with intent, malice, willfulness, and reckless indifference to the rights of Plaintiff.

90.     The misconduct described in this Count violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

91.     As a direct and proximate result of Defendants' use of excessive force, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

92.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT IV
**42 U.S.C. § 1983: Deprivation of Fourth Amendment Rights**
**Failure to Intervene**

93.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

94.     This Count arises under 42 U.S.C. §1983 and the Fourth Amendment to the U.S. Constitution and is alleged against all Defendants, jointly and severally.

95.     One or more of the Defendants had a reasonable opportunity to prevent the violations of Plaintiff's constitutional rights as set forth above.

96.     As a result of Defendants' failure to intervene, Plaintiff suffered and continues to suffer pain and injury, as well as emotional distress.

97.     Defendants' actions were undertaken intentionally with malice and reckless indifference to Plaintiff's rights.

98.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and under color of law.

99.     As a direct and proximate result of Defendants' failure to intervene, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

100.     As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

### COUNT V
### 42 U.S.C. § 1983: Conspiracy to Commit Constitutional Violations

101.     Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

102.     This Count arises under 42 U.S.C. §1983 and is alleged against all Defendants, jointly and severally.

103.    In an effort to find fault to use against the Plaintiff to retroactively justify their actions, Defendants conspired amongst themselves to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

104.    Defendants did not have an answer or justifiable reason for detaining Plaintiff. They refused to listen to Plaintiff at any point and either refused to answer or ignored his request for information regarding why he was being detained and/or offered differing responses because he should not have been detained.

105.    Defendants conspired with each other to cause damage to Plaintiff by a) pursuing an unlawful traffic stop; b) using the traffic stop as a pretext to attempt to charge Plaintiff with other crimes; c) continuing to detain Plaintiff without reason while trying to find a way to charge Plaintiff; d) refusing and failing to fully investigate Plaintiff's responses to each attempted accusation/charge; e) exhibiting excessive force relative to Plaintiff; f) omitting material facts relating to the stop and arrest in the police report, which also contains patent falsities; g) jailing Plaintiff without cause.

106.    The aforementioned actions of Defendants were the direct and proximate cause of the violations of the United States Constitution discussed throughout, and the attendant injury and emotional distress suffered by Plaintiff resulting therefrom.

107.    As a direct and proximate result of Defendants conspiring to violate Plaintiff's constitutional rights, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

108.    As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VI
**Assault**

109.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

110.    This Count is alleged against Defendant Lineberger, Defendant Mimp, and Defendant JDSSOs and JDPOs who were present at 3801 Connecticut Ave. NW, Washington, DC 20008 at any time during the "traffic stop" of Plaintiff, including when he was tased, and up until Plaintiff was transported away from the scene by ambulance.

111.    Defendants intentionally attempted and threatened to inflict injury on Mr. Lovett when they yelled, intimidated, and jostled Plaintiff repeatedly for a "traffic stop."

112.    Defendants were acting with an apparent ability to cause harm.

113.    Defendants created a reasonable apprehension of bodily harm or offensive contact in Mr. Lovett.

114.    The aforementioned actions of Defendants were the direct and proximate cause of the attendant injury and emotional distress suffered by Plaintiff resulting therefrom.

115.    As a direct and proximate result of Defendants' assaults, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

116.    As a direct and proximate result of Defendants' action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VII
### Battery

117.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

118.    This Count is alleged against the JDSSO who tased Plaintiff.

119.    Defendant harmfully and offensively inflicted bodily injury to Mr. Lovett's person when they confined, shoved, jostled, used excessive force, and tased Plaintiff repeatedly for a "traffic stop," and continued to do so even when he was incapacitated on the cement alleyway outside his residence.

120.    Defendant was acting with intent to cause a harmful or offensive touching of Mr. Lovett's person.

121.    The aforementioned actions of Defendant were the direct and proximate cause of the attendant injury and emotional distress suffered by Plaintiff resulting therefrom.

122.    As a direct and proximate result of Defendant's battery, Plaintiff had, has, and will continue to have severe injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

123.    As a direct and proximate result of Defendant's action, inaction, and deliberate indifference, Plaintiff sustained and continues to sustain injuries for which Plaintiff is entitled to be compensated.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendant for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## COUNT VIII
### Gross Negligent Infliction of Emotional Distress

124.    Plaintiff incorporates all preceding paragraphs into this Count by reference as though fully stated herein.

125.    At all relevant times, Defendants owed Plaintiff a duty not to violate his constitutional rights, not to conspire to violate those rights, not to assault him, and not to batter him.

126.    Defendants breached those duties when they intentionally and recklessly used excessive force to unreasonably restrain, assault, batter, tase, and seize Plaintiff.

127.    Defendants' conduct was so extreme and outrageous as to cause Plaintiff physical and mental injury.

128.    Plaintiff's physical injury was exacerbated by the psychological trauma he endured before, during, and after the events complained of herein.

129.    Plaintiff's emotional distress was and is severe and continues to this day.

130.    Defendants directly and proximately caused Plaintiff's severe emotional injury.

131.    As a direct and proximate result of Defendants' grossly negligent infliction of emotional distress, Plaintiff had, has, and will continue to have severe emotional injuries, and suffered damages, including, but not limited to medical and other expenses, lost earnings, mental pain, and anguish.

132.    As a further direct and proximate result of Defendants' grossly negligent infliction of emotional distress, Plaintiff has and will continue to have difficulties performing various activities.

WHEREFORE, Plaintiff Aaron Lovett prays the Court for judgment against Defendants jointly and severally, for an amount no less than $5,000,000.00 for compensatory damages, together with costs of this suit, legal interest, reasonable attorneys' fees, and such other relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 28, 2023                    Respectfully submitted,

                                             **AARON LOVETT**

By:     _____
                                             Jacob M. Lebowitz, DC Bar #483742
                                             POSEY LEBOWITZ, PLLC
                                             3221 M Street NW
                                             Washington, DC 20007
                                             (202) 524-0123 (telephone)
                                             (202) 810-9009 (facsimile)
                                             jlebowitz@poseylebowitz.com
                                             *Counsel for Plaintiff*