UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AARON LOVETT, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-02879 (TNM) |

## MEMORANDUM ORDER

Late one night a U.S. Secret Service officer tased Aaron Lovett in his apartment's parking lot. Lovett now tries to hold the United States liable for what he says was the officer's unlawful use of force. The United States seeks summary judgment. Because material facts remain disputed, the Court denies that motion.

### I.

Start with some quick background. Officer Kiounte Lineberger stopped Lovett's truck in an apartment driveway because it appeared to be missing a license plate. Pl.'s Stmt. of Material Facts ¶¶ 27, 32, 39, ECF No. 46-1. Lineberger eventually found the plate, but dispatch reported it stolen. *Id.* ¶ 47. So Lineberger called for backup. When other officers arrived, they surrounded Lovett. *Id.* ¶¶ 59, 61–62, 68. Lineberger unholstered his taser and discharged it twice. *See id.* ¶¶ 65, 78, 81. Lovett fell to the ground, where Lineberger activated his taser once more. *Id.* ¶¶ 81–82, 84. Officers then arrested Lovett. *Id.* ¶ 90. After all of this, officers learned that Lovett had not stolen the truck. *Id.* ¶¶ 91–94. The license plate flagged as stolen because Lovett reported the truck stolen weeks earlier when he could not find the truck. *Id.* ¶ 94.

Lovett later filed this lawsuit. *See* Compl., ECF No. 1. His outstanding claims seek to hold the United States liable under the Federal Tort Claims Act for the officers' assault, battery, and negligent infliction of emotional distress. *See* Am. Compl. ¶¶ 160–83, ECF No. 20. The Court has jurisdiction over those claims under 28 U.S.C. § 1331. The United States seeks summary judgment, and that motion is ripe. *See* Mot. for Summ. J., ECF No. 44.

**II.**

Federal Rule of Civil Procedure 56's familiar standards govern this motion. To earn summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court credits the nonmovant's factual allegations and draws all justifiable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

**III.**

The United States is not entitled to summary judgment. With respect to the intentional tort claims, outstanding genuine disputes of fact make it impossible to say that the officers' use of force was reasonable as a matter of law. Summary judgment is also inappropriate on the negligence claim. So the Court denies the United States' motion.

*First*, consider the intentional tort claims (assault and battery). *See* Am. Compl. ¶¶ 160–74. Because the parties appropriately agree on the governing law, a summary of that law suffices. *See* Mot. for Summ. J. at 7–9; Opp'n to Mot. for Summ. J. at 12–15, ECF No. 46. The United States is liable for the officers' assault and battery under the FTCA if the officers used more force than reasonably necessary to effectuate Lovett's arrest. *See Harris v. Dep't of Veterans Affs.*, 776 F.3d 907, 913 (D.C. Cir. 2015); *Hundley v. District of Columbia*, 494 F.3d 1097, 1101 (D.C. Cir. 2007). The *Graham* factors guide the reasonableness determination. *See*

*Graham v. Connor*, 490 U.S. 386, 396–97 (1989) (listing the factors); *see District of Columbia v. Chinn*, 839 A.2d 701, 706 (D.C. Cir. 2003) (applying *Graham*). Specifically, the Court considers: "[(1)] the severity of the crime at issue, [(2)] whether the suspect poses an immediate threat to the safety of the officers or others, and [(3)] whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Whether Lineberger justifiably tased Lovett turns on disputed issues of fact about Lovett's behavior. The United States says that Lovett was agitated and provides Lineberger's testimony that he tased Lovett the first time because Lovett was "swinging at" another officer. Gov't Ex. 3 ("Lineberger Dep.") at 95:8–9, ECF No. 44-4; *see also* Gov't Ex. 6 ("Mimp Dep.") at 36:14–19, ECF No. 44-7 (Officer Mimp's testimony that he thought Lovett was "going to hit him"). Lovett meanwhile points to officer testimony describing him as non-threatening. *See, e.g.*, Pl.'s Stmt. of Material Facts ¶¶ 102–06; Gov't Ex. 5 ("Walter Dep.") at 18:3–19:8, ECF No. 44-6. That factual dispute bears on the second and third *Graham* factors for objective reasonableness and it also signals need for inquiry into whether Officer Lineberger "subjectively believe[d] that he . . . used no more force than necessary." *Scales v. District of Columbia*, 973 A.2d 722, 730 (D.C. 2009) (setting forth a test with subjective and objective prongs for use in cases of alleged assault and battery by law enforcement). Summary judgment is ill-suited to this type of credibility determination.

Other points confirm that summary judgment is inappropriate. It is unclear, for example, if Officer Lineberger's taser use complied with Secret Service policy. If Lovett was actively resisting arrest, the Service's use-of-force guidelines may well support Lineberger's actions. Gov't Ex. 1 ("Secret Service Use of Force Policy") at 8, ECF No. 44-2 (specifying that intermediate force tactics, including tasers, "may be utilized on a subject offering, at a minimum,

3

active resistance"). But whether Lovett's actions amounted to "active"—rather than passive—resistance turns on disputed facts. *See id.* (differentiating "passive" and "active resistance"). More, the United States pays little attention to whether it was reasonable for Lineberger to use his taser twice more after the initial deployment. Because there remain genuine disputes of fact, summary judgment is inappropriate.[1]

*Second*, the Court cannot grant the Government summary judgment on the negligent infliction of emotional distress claim. *See* Am. Compl. ¶¶ 175–83. The Government is correct that Lovett cannot recover in both negligence and intentional tort for the same conduct. Mot. for Summ. J. at 14–17; *see, e.g.*, *Chinn*, 839 A.2d at 707. But that principle does not prevent Lovett from "argu[ing] alternative and inconsistent theories of liability." *Kowalevicz v. United States*, 302 F. Supp. 3d 68, 75 (D.D.C. 2018). Because Lovett's claims are "presented individually," they "may appropriately reach the finder of fact." *Id.*

## IV.

For all these reasons, the Court **ORDERS** that the Motion for Summary Judgment is **DENIED**.

**SO ORDERED**.

Dated: February 9, 2026                         TREVOR N. McFADDEN, U.S.D.J.

---

[1] The parties supply a bystander's video of part of the encounter, *see* Pl.'s Ex. 5, ECF No. 46-6; Gov't Ex. 7, ECF No. 44-8, but neither the audio nor the video captures evidence that dispels the critical factual disputes.